# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

FIDEL H. PAJARILLO,  )
                                       )
         Appellant,  )
                                        )
    vs.  )
                                        )
U.S. Bank National Association, *et al.*,  )
                                        )
         Appellees.  )

Case No.: 2:19-cv-01020-GMN-NJK

**ORDER**

Appeal from the United States Bankruptcy
Court for the District of Nevada
Bk. No.: 19-10388-btb

Pending before the Court is the Motion for Relief without Bond, (ECF No. 21), filed by Appellant Fidel H. Pajarillo ("Debtor"). Appellee U.S. Bank National Association ("U.S. Bank"), filed a Response, (ECF No. 31), and Debtor filed a Reply, (ECF No. 38).

Also pending before the Court is U.S. Bank's Motion to Dismiss, (ECF No. 43). Debtor filed a Response, (ECF No. 46), and U.S. Bank filed a Reply, (ECF No. 47).

Also pending before the Court is Debtor's Motion for Leave to File Supplemental Authority, (ECF No. 49), regarding his Response to U.S. Bank's Motion to Dismiss.[1]

For the reasons discussed below, U.S. Bank's Motion to Dismiss is **GRANTED**. Debtor's Motion for Relief without Bond and Motion for Leave to File Supplemental Authority are **DENIED as moot**.

## I.    BACKGROUND

This appeal arises from the Bankruptcy Court's interlocutory Order granting U.S. Bank relief from the automatic stay. (*See* Order Granting Relief from the Automatic Stay, Bk. No. 19-10388-btb ("Bkr. Case"), ECF No. 60); (Notice of App., Bkr. Case, ECF No. 62); (Notice of App., ECF No. 1). On January 24, 2019, Debtor filed a Voluntary Petition for Chapter 13

---

[1] The Court has reviewed Debtor's Motion and concludes that it does not provide authority cautioning against dismissal of the instant Appeal.

Bankruptcy, which created the bankruptcy estate and automatic stay by operation of law. *See* 11 U.S.C. § 362(a); (Voluntary Pet., Bkr. Case, ECF No. 1). On April 26, 2019, U.S. Bank National Association[2] filed a Motion for Relief from the Automatic Stay so that it could enforce its rights as the holder of the note and deed of trust secured by Debtor's real property, (*see* Mot. Relief, Bkr. Case, ECF No. 45), which the Court granted, (Order, Bkr. Case, ECF No. 60).

Debtor appealed the Order. (*See* Notice of Appeal from Bkr. Ct., ECF No. 1); (Notice of Appeal, Bkr. Case. ECF No. 62). With the interlocutory appeal pending, the Bankruptcy Court denied the confirmation of Debtor's Chapter 13 Bankruptcy Plan, (Order Denying Confirmation, Bkr. Case, ECF No. 96), which Debtor also appealed. (*See* Notice of Referral of Appeal to USDC re Amended Appeal, ECF No. 14) (Amended Notice of Appeal, Bkr. Case, ECF No. 85). Thereafter, the Bankruptcy Trustee moved to dismiss Debtor's bankruptcy case with prejudice for bad faith pursuant to 11 U.S.C. § 1307(c)(1), (5), (Trustee's Mot. Dismiss, Bkr. Case, ECF No. 107), which the Bankruptcy Court granted on December 3, 2019, (Order Granting Trustee's Mot., Bkr. Case, ECF No. 112).

## II.  **DISCUSSION**

U.S. Bank argues that the Court should dismiss Debtor's appeal because it is constitutionally moot in light of the bankruptcy court's dismissal of Debtor's Petition. (*See* Mot. Dismiss ("MTD"), ECF No. 43). The Court finds that the present appeal is now moot.

United States district courts have jurisdiction to hear appeals from interlocutory orders of bankruptcy courts. 11 U.S.C. § 158(a)(2). However, as a threshold matter, a court may not exercise jurisdiction over a moot appeal. *In re Pattullo*, 271 F.3d 898, 900 (9th Cir. 2001). "If a case becomes moot while pending on appeal, it must be dismissed." *Id.* A case may become moot on appeal if the court could not grant the appellant effective relief after a favorable

---

[2] As trustee, on behalf of HarborView Mortgage Loan Trust 2006-1 Mortgage Pass-Through Certificates, Series 2006.

judgment. *Id.* at 901.  Dismissal of the underlying bankruptcy case moots a pending appeal "[w]hen the issue being litigated directly involves the debtor's reorganization." *In re Universal Farming Indus.*, 873 F.2d 1332, 1333 (9th Cir. 1989).  Appeals of decisions to lift the automatic stay involve the debtor's reorganization. *In re Ponton*, 446 Fed. Appx. 427, 429 (3d Cir. 2011).  "It would serve no purpose for [the reviewing court] 'to determine whether the Bankruptcy Court properly lifted the automatic stay' [when] there is no bankruptcy proceeding whatsoever in which to ground a stay." *Id.* (Quoting *in re Universal Farming Indus.*, 873 F.2d at 1333) (internal modifications omitted).

In his Motion, Debtor seeks relief from the Bankruptcy Court's Order granting U.S. Bank relief from the automatic stay. (Mot. Relief, ECF No. 21).  The Bankruptcy Court's dismissal of the underlying case mooted Debtor's Motion because dismissal terminated the automatic stay by operation of law, lifting the automatic stay for all of Debtor's creditors, not just U.S. Bank.  Given that Debtor's bankruptcy case has been dismissed with prejudice, there is no effective relief this Court could provide upon remand as there is no bankruptcy case in which to ground a stay.  Upon dismissal, Debtor had the opportunity to timely appeal the Bankruptcy Court's final judgment, but his appeal of the Bankruptcy Court's interlocutory Order is no longer fit for appellate review.[3]  Accordingly, the Court finds the instant appeal nonjusticiable, and Debtor's Motion, likewise, is moot.

//

//

//

//

---

[3] Debtor filed an Amended Notice of Appeal after the Bankruptcy Court denied his Chapter 13 Reorganization Plan. (*See* Notice of Referral of Appeal, ECF No. 14).  Debtor has merely notified the Court he seeks to appeal the issue, rather than presenting an argument why the Court should reverse the Bankruptcy Court's Order. Even if Debtor had presented a sufficient argument, the denial of his reorganization plan directly relates to the reorganization of his estate, and it is moot in light of the Bankruptcy Court's Order dismissing the Petition.

### III.    CONCLUSION

**IT IS HEREBY ORDERED** that U.S. Bank's Motion to Dismiss, (ECF No. 43), is **GRANTED**.

**IT IS FURTHER ORDERED** that Debtor's Motion for Relief without Bond, (ECF No. 21), is **DENIED as moot**.

**IT IS FURTHER ORDERED** that Debtor's Motion for Leave to File Supplemental Authority, (ECF No. 49), is **DENIED as moot**.

**DATED** this  13   day of January, 2020.

_____
Gloria M. Navarro, District Judge
United States District Court